MATTHEW MANGAN v. THE STATE.

No. 7545. Decided May 30, 1923.

1.—False Swearing—Indictment—Traverse.

It seems to be admitted by the State that the indictment did not contain a proper legal traverse of the allegation that defendant falsely swore there were no legal objections to the marriage of the female.

2.—Same—Evidence—False Swearing—Accomplice—Requested Charge.

Where, upon trial of false swearing, the evidence raised the issue of accomplice's testimony, the court should have submitted the requested charge thereon, and his refusal to do so was reversible error.

3.—Same—Evidence—Mistaken Identity—Mistake.

Where, upon trial of false swearing, defendant offered to prove that there was another like female living in the community and that she was a cousin of the one in question about whom the alleged false swearing occurred, and that it was a question of mistaken identity by defendant with reference to these females, he should have been allowed to introduce testimony upon this phase of the case, and a refusal to permit him to do so is reversible error.

Appeal from the District Court of Hill. Tried below before the Honorable Horton B. Porter.

Appeal from a conviction of false swearing; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. Fred Rose*, and *Collins, Dupree & Crenshaw*, for appellant. On the question of insufficiency of indictment, Knight v. State, 158 S. W. Rep., 543; Adams v. State, 91 id., 225;

*R. G. Storey*, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Hill county of the offense of false swearing, and his punishment fixed at two years in the penitentiary.

Willie Heath went to get a marriage license but was informed by the county clerk of Hill County that he must produce some person who was willing to make an affidavit that he was twenty-one years of age and that his intended wife was eighteen years of age. Heath produced appellant who made the affidavit and who was later indicted in this case for having falsely sworn that Nettie Epps, the young lady in question, was over eighteen years of age, and that there were no legal objections to their marriage. It seems to be admitted by the State that the indictment did not contain a proper legal traverse of the allegation that appellant falsely swore there were no legal objections to the marriage of Nettie Epps.

Upon the .trial of this case the State introduced Willie Heath who testified that before appellant made the affidavit in question he was informed by witness that Nettie Epps, the young lady in the case, was only seventeen years of age.   This witness further testified that he gave appellant five dollars as a consideration for the making of the alleged false affidavit, also that he was present when appellant made, signed and swore to said affidavit.   Thereafter appellant presented a special charge to the court asking that the jury be instructed that Willie Heath was an accomplice and, in appropriate language that appellant could not be convicted upon the testimony of Willie Heath unless same was corroborated by other evidence tending to connect appellant with the crime charged.   This was refused.   We are unable to perceive upon what theory the learned trial judge declined to tell the jury that Willie Heath was an accomplice.   It is plainly provided by Article 801 of our Code of Criminal Procedure that a conviction cannot be had upon the testimony of an accomplice unless corroborated and many decisions are cited by Mr. Vernon under said article announcing rules for determining who are accomplices when offered as witnesses.   There seems to us no escape from the proposition that one who employes another to commit a crime and is present when the crime is committed, is an accomplice.   Authorities need not be cited.   The learned court erred in declining to give the special charge asked.

Another question is raised.   It is developed in the record both from the State and defense witnesses that there was another Miss Epps living in a community in Hill County and that she was a cousin of the Miss Epps in question in this case.   Appellant and his witnesses testified that he had met and been introduced to a Miss Epps in the Prairie Point community.   Appellant claims to have told young Heath, when the latter wished him to make the affidavit in question, that he had met a Miss Epps and that he asked Heath if there were two of the Misses Epps and was informed by Heath that there was only one.   Appellant offered to testify himself to the effect that the Miss Epps whom he had met was believed by him to be the Miss Epps named and referred to in the affidavit, and further sought to testify and prove by another witness that the Miss Epps whom he had met at Prairie Point looked to him and had the appearance of being over eighteen years of age.   This latter testimony was rejected and in this also we think the trial court in error.   One of the defenses against the crime of false swearing is that if the alleged false statement was made under a mistake, the party accused is not guilty. This proposition of law was correctly submitted to the jury by the trial judge.   If appellant had met a Miss Epps who appeared to him to be more than eighteen years of age and he believed her to be the young lady about whose age he was making the alleged false affidavit, this fact would seem to be as material as would the fact if

he had met the young lady who was actually in question and had concluded from her appearance that she was over eighteen years of age.

For the errors mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*